MARY McVEY, Plaintiff, *v.* MARY A. CANTRELL, Defendant.

JOHN G. C. TADDIKEN, Plaintiff, *v.* MARY A. CANTRELL, Defendant.

*Irrelevant and scandalous matter — responsibility for insertion of.*

The responsibility for the insertion of irrelevant and scandalous matter in pleadings rests upon the attorney preparing the same, and he should be charged with the payment of the costs of a motion to have such matter stricken therefrom.

Appeal from an order made at the Special Term, directing that certain allegations should be stricken out of an affidavit as scandalous and impertinent.

The plaintiffs in these cases having recovered judgment herein, defendant, upon an affidavit setting forth the fact of the recovery of the judgment, the giving of undertakings upon appeals therefrom and the justification of the sureties thereto, and the intention of the defendant to obtain a loan from an insurance company, moved to have the premises upon which the loan was to be made relieved from the lien of the judgment. The attorney for the plaintiff made an affidavit to be read in opposition to the motion, containing defamatory matter.

This matter was, upon the application of the defendant, stricken out as " scurrilous, irrelevant and defamatory, and as having been maliciously and unnecessarily inserted."

*H. H. Morange*, for the respondent.

*D. T. Robertson*, for the appellant.

Brady, J. :

The matter which was stricken out by the order appealed from was irrelevant, impertinent and scandalous. It is not necessary to discuss that phase of the appeal. Being of the character described, the responsibility of its insertion rests upon the appellant's attorney, and not upon the client. It is the duty of the former to

observe strictly the rules, which are well defined and which he must be supposed to understand, in regard to such matter. It is not necessary, therefore, to discuss this feature of the appeal. The rule is settled by a series of decisions ; but if it were not its propriety springs so naturally from the relations of attorneys and counselors to the courts and to suitors and to each other, that it requires nothing more than a statement of it to make it apparent and just and indispensable to the preservation of the dignity of the courts. The responsibility devolving upon the attorney, it was proper that the payment of the costs awarded should be made by him, and it is equally just that the costs of this appeal should be borne by him. The only duty for this court to perform is, therefore, to order the affirmance of the order, with ten dollars costs and the disbursements of this appeal, to be taxed and to be paid by the appellant's attorney.

This opportunity to censure the habit of placing upon the records of this court scurrilous or scandalous matters cannot be overlooked. It is regarded as reprehensible, highly so, and it is to be hoped, for the honor of the profession, that it may never again be necessary for this court thus to express itself. The occasions are rare on which the officers of the court so far forget themselves, but legal ethics will not prevail in this regard until we can say they never do.

It does not promote the ends of justice or contribute to the strength of a lawyer's advocacy, to indulge in personalities, in writing or by speech, and the omission of both adds to his reputation and dignity.

Order affirmed, with ten dollars costs and the disbursements of this appeal, to be paid by the appellant's attorney within twenty days after taxation and service of a copy of the order to be entered herein.

DAVIS, P. J., and DANIELS, J., concurred.

Orders affirmed, with ten dollars costs and disbursements, to be paid by the appellant's attorney within twenty days after taxation and service of copy of order to be entered herein.